UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KIMBERLY SHAW, | | |
| | Plaintiff, | |
| -against- | | 25-CV-9744 (JGLC) |
| LIBERTY COURTHOUSE, | | ORDER OF SERVICE |
| | Defendant. | |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Bedford Hills Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, regarding an incident that occurred on or about August 27, 2025, in the courthouse in Liberty, New York, while she was in the custody of Sullivan County Sheriff's Department ("SCSD") officers. Plaintiff alleges she fell down stairs while her legs were shackled, and that she was denied medical attention for the resulting injury. (ECF 1 at 4.) By order dated December 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) dismisses the claims against the Liberty Courthouse; (2) adds Sullivan County as a defendant and orders service on Sullivan County; and (3) directs the County Attorney for Sullivan County to identify the SCSD officers who escorted Plaintiff in the courthouse on the day at issue.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    Liberty Courthouse

The Court must dismiss Plaintiff's claim against the Liberty Courthouse. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The Liberty Court is part of the New York State Unified Court System, *see* N.Y. Const. Art. 6, § 1(a) ("The unified court system for the state shall also include the district, town, city and village courts outside the city of New York, as hereinafter provided."), which "is unquestionably an 'arm of the State,'" *Gollomp*, 568 F.3d at 366. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983). Plaintiff's § 1983 claims against the "Liberty Courthouse" are therefore barred by the Eleventh Amendment and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against Sullivan County, the Court construes the complaint as asserting claims against Sullivan County, and directs the Clerk of Court to amend the caption of this action to replace the Liberty Court with Sullivan County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Sullivan County may wish to assert.

**B.      Service on Sullivan County**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Sullivan County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Unidentified Sheriff's Department Officer(s)**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the SCSD to identify the officers who escorted Plaintiff in the Liberty Court on or about August 27, 2025. It is therefore ordered that the County Attorney for Sullivan County, who is the attorney for and agent of the SCSD, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The County Attorney for Sullivan County must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] If the Doe defendant is not a current Sullivan County Sheriff's Department employee or official, the County Attorney for Sullivan County must provide a residential address where the individual may be served.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Liberty Courthouse. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add Sullivan County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is also instructed to issue a summons for Defendant Sullivan County, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the County Attorney for Sullivan County at: Sullivan County Government Center, 100 North Street, PO Box 5012, Monticello, New York 12701-5012.

The Clerk of Court shall also mail an information package to Plaintiff.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    June 23, 2026
        White Plains, New York

*Jessica Clarke*

_____
JESSICA G. L. CLARKE
United States District Judge

## SERVICE ADDRESS FOR DEFENDANT

Sullivan County
County Attorney for Sullivan County
Sullivan County Government Center
100 North Street
PO Box 5012
Monticello, New York 12701-5012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes    □ No

(check one)

___ Civ. _____ (    )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
              ID#_____
              Current Institution_____
              Address_____
              _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

*Rev. 01/2010*                              1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<table>
<tr><td>Who did<br>what?</td></tr>
</table>

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

<table>
<tr><td>What<br>happened<br>to you?</td></tr>
</table>

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____

**IV.    Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____

                _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**VI.   Previous lawsuits:**

**On these claims**

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**On other claims**

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____   No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____

_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                        Signature of Plaintiff    _____

                        Inmate Number    _____

                        Institution Address    _____

                                        _____

                                        _____

                                        _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                        Signature of Plaintiff:    _____